# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAMARTICE WRIGHT,

    *Petitioner*,

vs.

D.W. NEVEN, *et al.*,

    *Respondents*.

Case No. 2:13-cv-01897-APG-PAL

**O R D E R**

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (Dkt. #1) to proceed *in forma pauperis* as well as for initial review of the papers presented pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

    The papers presented are subject to multiple defects.

    First, petitioner has not properly commenced the action with a properly completed application to proceed *in forma pauperis*. Petitioner did not attach the financial documents required for an inmate to demonstrate pauper status. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate with the pauper application. Petitioner attached neither.

    Second, petitioner did not use the Court's required petition form to state his claims. Under Local Rule LSR 3-1, a petitioner must file the petition on the Court's required § 2254 petition form. Here, petitioner used selected pages of the petition form essentially as a cover document for an otherwise homemade petition form. Petitioner must use the required petition form for the entirety of his federal petition.

Due to the multiple defects presented, the pauper application will be denied without prejudice and the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application with all required attachments. It does not appear that a dismissal without prejudice would result in a promptly-filed new action being untimely.[1]

**IT THEREFORE IS ORDERED** that the application (Dkt. #1) to proceed *in forma pauperis* is **DENIED** without prejudice and that this action shall be DISMISSED without prejudice to the filing of a new petition in a new action with a properly completed pauper application with all required financial attachments.

**IT FURTHER IS ORDERED** that all pending motions are **DENIED** without prejudice.

**IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED**. Jurists of reason would not find the dismissal of this improperly-commenced action without prejudice to be debatable or wrong. The current dismissal will not materially impact the analysis of either the timeliness issue or other procedural issues in a promptly filed and properly commenced new action. *See* note 1, *supra.*

///

///

---

[1] The papers on file and the online docket records of the Nevada state courts reflect the following. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132-32 (9th Cir. 2012)(a federal court may take judicial notice of matters of public record, including documents on file in federal or state courts).

Petitioner Lamartice Wright seeks to challenge a Nevada state judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, robbery with the use of a deadly weapon, battery with a deadly weapon, and battery with intent to commit a crime. The Supreme Court of Nevada affirmed the conviction on direct appeal in No. 58812 on June 13, 2012. The ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on September 11, 2012.

Approximately nine months later, on or about June 17, 2013, petitioner filed a state post-conviction petition. The state district court denied relief via a notice of entry of order filed on September 30, 2013. Petitioner's appeal from the denial of state post-conviction relief currently is pending before the Supreme Court of Nevada in No. 64117.

It thus appears that: (a) the federal limitation period will not begin to run again until after the end of the pending state post-conviction appeal; and (b) no claim of ineffective assistance of counsel included in the federal petition will be exhausted prior to the completion of the state post-conviction appeal, if then. *See also* Nev. R. App. Pro. 4(b)(2)(any *arguendo* premature appeal treated as filed on the day of entry of judgment).

Petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case and timely seeking state and federal relief.

1  The Clerk shall **SEND** petitioner two copies each of an application form to proceed *in forma*
2  *pauperis* for incarcerated persons and a noncapital § 2254 habeas petition form, one copy of the
3  instructions for each form, and a copy of all papers that he submitted.
4  The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.
5  Dated this 23rd day of October, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE